UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DE LA TORRE DURAN,<br><br>                            Petitioner,<br>v.<br>DOE 1, et al.,<br><br>                           Respondents. | Case No.: 25-cv-03230-DMS-DDL<br><br>**ORDER GRANTING PETITION AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"), which includes a Motion for a Temporary Restraining Order ("Motion"). (Pet., ECF No. 1). Respondents filed a response both to the Petition and the Motion. (Return, ECF No. 7). Petitioners filed a reply. (Reply, ECF No. 8).[1] For the following

---

[1] The Court was unable to verify the existence of a case citation and multiple quotations in Petitioner's briefing. After the Court issued an Order to Show Cause, counsel for Petitioner withdrew three citations. (ECF Nos. 9, 10). Counsel is reminded that under Federal Rule of Civil Procedure 11(b), any document submitted to the Court "certifies that to the best of the [attorney's] knowledge, information, and belief, . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Counsel, of course, has an obligation to carefully review pleadings and ensure only accurate and truthful information is provided to the Court. Counsel failed to satisfy this fundamental duty. The Court appreciates Counsel's

reasons, the Court grants the Petition and denies the Motion as moot.

## I.   BACKGROUND

Petitioner, a native and citizen of Mexico, applied for admission at the San Ysidro Port of Entry on December 13, 2024, and was detained. (Pet. Ex. B at 1). On December 26, 2024, an asylum officer interviewed Petitioner and determined that he had a credible fear of persecution if removed to Mexico. (*Id.*). Petitioner alleges that in 2019, after years of persecution by Mexican law enforcement officials, he was pushed into live electrical cables, resulting in severe injuries that require treatment to this day. (Pet. ¶ 17; *see* Pet. Ex. C). On December 31, 2024, Petitioner was issued a notice to appear for removal proceedings in January 2025. (Pet. Ex. B at 1). Petitioner requested and was granted multiple continuances in early 2025. (Return Ex. 1 at 2). On June 23, 2025, Petitioner filed an application for asylum and withholding of removal under the Convention Against Torture ("CAT"). (Return Ex. 2). In August and September 2025, Petitioner filed three sets of supplemental documents in support of his application. (Return 2–3). On September 29, 2025, an Immigration Judge granted Petitioner deferral of removal to Mexico under the CAT. (Pet. Ex. D at 1). On October 23, 2025, the Government timely appealed the decision to the Board of Immigration Appeals ("BIA") and that appeal remains pending. (Return 3).

Petitioner alleges that his prolonged detention violates the Fifth Amendment Due Process Clause. (Pet. ¶¶ 23–38). Respondents contend that the deferral of removal order is not final and thus, Petitioner is mandatorily detained under 8 U.S.C. § 1225. (Return 3). Petitioner requests (1) a writ of habeas corpus ordering the immediate release of Petitioner; (2) attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and (3) any other relief the Court deems just and proper. (Pet. 14).

---

response to the Order to Show Cause and corrective action. Accordingly, no further action will be taken by the Court.

## II.  DISCUSSION

The facts, claims, and arguments presented in this case are similar to those in *Sadeqi v. LaRose.* --- F. Supp. 3d ---, 2025 WL 3154520 (S.D. Cal. Nov. 12, 2025) (finding petitioner's detention of almost 12 months unreasonable and violative of due process, thus requiring a prompt and individualized bond hearing to justify continued detention).  The Court finds the reasoning of that case persuasive and adopts and applies it wholesale to this case.  Here, Petitioner—who has been detained for more than 12 months—challenges only the lawfulness of his continued civil detention during a period "when removal is legally impossible" because the Immigration Judge granted deferral of removal under the CAT and DHS chose to appeal that "CAT grant," thereby "halting any removal efforts."  (Reply 5).  Respondents fail to explain how Immigration and Customs Enforcement may continue to detain Petitioner during a period when removal cannot occur at this time and may not occur for many months or years.  *See Doe v. Andrews*, No. 1:25-cv-00506-SAB-HC, 2025 WL 2590392, at *7 (E.D. Cal. Sept. 8, 2025) (finding that pending BIA appeal of CAT deferral and "possible remand to the immigration court for further factfinding or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor" of granting petitioner a bond hearing due to likely unreasonably prolonged detention).  So too here.  Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify his continued detention "by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Sadeqi*, 2025 WL 3154520, at *4 (citations omitted).

The only arguments Respondents raise here that were not addressed in *Sadeqi* are jurisdictional arguments under 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1225(b)(1), but the Court has already addressed and rejected those arguments in previous orders.  *See Soleimani v. LaRose*, No. 25-cv-03082-DMS-DEB, ECF No. 7 at 4 (S.D. Cal. Nov. 24, 2025); *Jimenez Lopez v. Archambeault*, No. 25-cv-03029-DMS-BLM, ECF No. 7 at 3 (S.D. Cal. Nov. 13, 2025); *Medina-Ortiz v. Noem*, No. 25-cv-02819-DMS-MMP, ECF No. 7 at 3–4 (S.D. Cal. Oct. 30, 2025); *Garcia v. Noem*, --- F. Supp. 3d ---, 2025 WL

2549431, at *3–4 (S.D. Cal. Sept. 3, 2025).  The Court again rejects Respondents' jurisdictional arguments.

### III.   CONCLUSION

Based on the reasoning of *Sadeqi* and the reasons above, the Petition is **GRANTED**. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within **fourteen (14) days** of this Order as described above.  All other relief sought in the Petition and the Motion, including an order directing Petitioner's immediate release, is denied.  Further, the Parties are **ORDERED** to file a Joint Status Report within **twenty-one (21) days** of this Order's entry, confirming Petitioner received a bond hearing.

**IT IS SO ORDERED.**

Dated:  December 18, 2025

_____
Hon. Dana M. Sabraw
United States District Judge